16-3732-cr
United States of America v. Robert Darin Crute

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand seventeen.

PRESENT:  DENNIS JACOBS,
          ROBERT D. SACK,
          BARRINGTON D. PARKER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
United States of America,
          Appellee,

          -v.-                                          16-3732

Robert Darin Crute,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Federal Defenders of New York,
                           Inc. Appeals Bureau, New York,
                           New York.

FOR APPELLEES:             Bridget M. Rohde, Acting United
                           States Attorney (Susan Corkery,
                           Hiral D. Mehta, Assistant United

1

States Attorneys, <u>on the brief</u>),
Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robert Darin Crute appeals from the judgment of the United States District Court for the Eastern District of New York sentencing him to forty-eight months in prison for violating the terms of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Robert Crute pled guilty in 1993 to conspiracy to distribute crack cocaine and was sentenced to 188 months in prison and five years of supervised release. Two years into his sentence, Crute assaulted a correctional officer with scalding water, causing first and second degree burns to her face. The court sentenced Crute to ninety-six months in custody to run consecutively with his narcotics sentence. After twenty years in prison, Crute was released to supervision in December 2013.

In 2015, Crute pled guilty to two violations of supervised release: the state crimes of possession of cocaine and possession of a loaded weapon. The court erroneously calculated a criminal history category of VI and on that basis sentenced Crute to five years in prison. Crute appealed, arguing his criminal history was in fact IV, not VI; the Second Circuit vacated the sentence due to the procedural error and remanded. On resentencing, defense counsel requested a Guidelines sentence of twenty months.

Judge Irizarry imposed a four year sentence, one year less than Crute's previous sentence under the erroneous criminal history category VI but more than double the Guidelines range. The court explained that in light of Crute's litany of past offenses and his conviction during incarceration--which was not reflected in the guidelines calculation for the supervised release violation--the assigned category IV under-represented Crute's true criminal history. It also noted that Crute had recidivist tendencies, and that despite spending nearly half his life

2

in prison, he had been "treated rather leniently" by the justice system given the severity of his conduct and the offenses that the government had available but declined to charge.

Crute challenges the upward variance as procedurally and substantively unreasonable.  Our reasonableness review for a criminal sentence mirrors review for abuse of discretion.  United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 46 (2007)).  This discretion is broad: although district courts should consult the Sentencing Guidelines when imposing sentence, they are not bound by the range and may "tailor the appropriate punishment to each offense...."  Id.; see United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008) (noting the Sentencing Commission policy statements are only advisory and are not binding on the district court).

1.   Procedural reasonableness review considers whether the district court provided an adequate explanation of the sentence in compliance with 18 U.S.C. § 3553(a), which sets forth a non-exhaustive set of considerations for sentencing.  See Verkhoglyad, 516 F.3d at 128.  "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," and "do not require robotic incantations" with respect to each of the Section 3553(a) factors.  United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks omitted).  The weight accorded any particular factor "is a matter firmly committed to the discretion of the sentencing judge...."  Verkhoglyad, 516 F.3d at 131 (internal citations and quotation marks omitted).

Crute contends that the district court offered no reasoned basis to justify the upward variance in his sentence.  But the district court discussed at some length its reasons for adopting a higher sentence, including considerations contemplated by the Section 3553(a) factors.  See J. App'x at 155-58.  For example, Crute was sentenced for his assault on a correctional officer in 1995 after imposition of the sentence that formed the basis for his supervised release in 1993.  According to the Commentary to the Sentencing Guidelines, "an upward departure may be warranted when a defendant, subsequent to the federal sentence resulting in supervision, has been sentenced for an offense that is not the basis of the violation proceeding."

3

U.S.S.G. § 7B1.4 n.2. The district court therefore did not err by making an upward departure "to take the new offense into account." United States v. Cawley, 48 F.3d 90, 92 (2d Cir. 1995).

Crute seeks to counter the district court's observations that Crute had a lengthy criminal history and violated the trust of the court. He points out that these are features of every supervised release case and not grounds for imposing additional sanction. However, the district court is permitted to consider the severity of the conduct and criminal history in order "to determine the extent to which [defendant's conduct] reflected a betrayal of the court's trust...." Verkhoglyad, 516 F.3d at 132; 18 U.S.C. § 3553(a)(1) (directing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). Here, the court provided additional context that justified, in its discretion, a harsher sentence: the possession and heavy involvement of firearms in Crute's crimes; the odious nature of the prison assault; and the pattern of Crute's return to drug and firearm-related crimes almost immediately after release from prison. Crute's procedural unreasonableness claim fails.

2. Substantive reasonableness doctrine serves as a "backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). We consider the totality of the defendant's circumstances, and will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Cavera, 550 F.3d at 189 (internal citation omitted); see Rigas, 583 F.3d at 123 (substantive reasonableness "provide[s] relief only in the proverbial 'rare case'").

We cannot say that this is such an exceptional case. The record reveals the district court's thoughtful consideration of the defendant's individual circumstances. The judge considered the crimes involving narcotics distribution and firearms (and the seriousness of possible un-charged additional violations), the history of recidivism, and the damage actually inflicted to victims,

4

such as the correctional officer. <u>See Kimbrough v. United States</u>, 552 U.S. 85, 109-10 (2007); <u>Cavera</u>, 550 F.3d at 191. Given the totality of the circumstances and our deference to the district court's discretion in applying the Section 3553(a) factors, the sentence was substantively reasonable. <u>See Rigas</u>, 583 F.3d at 123-24.

For the foregoing reasons, and finding no merit in Crute's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5